**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stephen Frank Karban,<br><br>    Plaintiff,<br><br>v.<br><br>J. Ostrander, et al.,<br><br>    Defendants. | No. CV-17-03618-PHX-DWL (JFM)<br><br>**ORDER** |

## INTRODUCTION

This is a *pro se* civil rights action brought by Stephen Frank Karban ("Plaintiff"), an inmate in the Arizona state prison system. In a nutshell, Plaintiff's remaining allegation is that correctional officer J. Ostrander ("Defendant") falsely accused him of making physical contact (via his thigh) with a female visitor in the prison's visitation room. (Docs. 1, 8.) Plaintiff further alleges that Defendant's intent in filing the false report was to retaliate against him, in violation of the First Amendment, for making earlier complaints about the prison's no-contact rules. (*Id.*)

This matter was referred to Magistrate Judge Metcalf for all pretrial proceedings. (Doc. 5.) In the fourteen months since the referral was made, Judge Metcalf has ably and diligently addressed a veritable blizzard of motions filed by Plaintiff. Among other things, Plaintiff has filed a motion for reconsideration (Doc. 9), a motion for status re: service (Doc. 10), a motion for status re: reconsideration (Doc. 13), an application for entry of default judgment (Doc. 18), a motion for a final order to dismiss count one of the complaint

(Doc. 26), a motion for partial summary judgment (Doc. 27), a motion for leave to conduct a deposition (Doc. 30), a second motion for partial summary judgment (Doc. 32), a third motion for partial summary judgment (Doc. 34), a motion for a discovery conference (Doc. 36), a second motion for a discovery conference (Doc. 44), a motion to grant one of his earlier partial summary judgment motions (Doc. 50), a motion to compel (Doc. 54), a motion for order re: demonstrative exhibit (Doc. 60), a motion to determine the sufficiency of Defendant's answer to an objection (Doc. 65), a motion to amend the complaint (Doc. 66), a motion for discovery sanctions (Doc. 73), a motion to amend the complaint and modify the scheduling order (Doc. 75), a second motion for discovery sanctions (Doc. 78), a motion for a status report concerning a pending motion for partial summary judgment (Doc. 83), a motion to be mailed documents (Doc. 89), a third motion for discovery sanctions (Doc. 93), a motion to compel (Doc. 96), a fourth motion for discovery sanctions (Doc. 100), a motion for expenses (Doc. 103), a motion for summary judgment (Doc. 104), a motion for reconsideration (Doc. 111), a fifth motion for discovery sanctions (Doc. 125), a sixth motion for discovery sanctions (Doc. 126), a motion to secure telephonic recordings (Doc. 127), a motion for clarification (Doc. 128), a motion to strike (Doc. 141), a motion to modify the scheduling order (Doc. 159), and a motion for status (Doc. 163).

Now pending before the Court are two sets of objections to Judge Metcalf's rulings on these motions. The first concerns a 23-page order issued by Judge Metcalf on September 19, 2018, which addressed several of Plaintiff's motions. (Doc. 90.) Among other things, Judge Metcalf (1) granted Plaintiff's motion to compel Defendant to respond to his seventh request for admission ("RFA7") (*id.* at 12-18), and (2) issued a $100 sanction against Defendant for forgetting to participate in a court-ordered teleconference with Plaintiff concerning deposition-scheduling logistics (*id.* at 18-21). Defendant has now filed a timely objection to these two aspects of the September 19, 2018 order (Docs. 115, 116), to which Plaintiff has filed a response (Doc. 130).

The second concerns a 10-page order issued by Judge Metcalf on November 15, 2018 addressing Plaintiff's motion for discovery sanctions arising from Defendant's failure

to preserve all of the video footage of the incident in the visitation room. (Doc. 147.) Judge Metcalf denied the motion, holding that sanctions were inappropriate because (1) Defendant, who is being sued in her personal capacity, had no control over her employer's decision whether to preserve all of the footage, and (2) the destruction occurred pursuant to the prison's normal 21-day retention policy at a time when the prison lacked objective knowledge of the probability of litigation. (*Id.*) Plaintiff has now filed a timely objection to this ruling (Doc. 157), to which Defendant has filed a response (Doc. 158).

As explained below, the Court will grant Defendant's objections to the September 19, 2018 order and deny Plaintiff's objections to the November 15, 2018 order.

**LEGAL STANDARD**

Under Rule 72(a) of the Federal Rules of Civil Procedure, when a magistrate judge issues an order resolving a non-dispositive motion, "[a] party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or contrary to law."

Separately, Rule 72(b) provides that, when a magistrate judge issues a report and recommendation, "a party may serve and file specific written objections to the proposed findings and recommendations" within 14 days and "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."[1]

---

[1] LRCiv 72.2(a)(1) provides that, "[i]n any motion in which the parties are seeking the sanctions provided for in Rule 37(b)(2)(A), (B), or (c) . . . if the Magistrate Judge is inclined to grant such requests the Magistrate Judge shall be limited to filing a report and recommendation with the District Court." Accordingly, the Court has construed the portion of the September 19, 2018 order imposing the $100 fine as a report and recommendation.

**ANALYSIS**

I. <u>The September 19, 2018 Order</u>

    A. **RFA7**

On July 11, 2018, Plaintiff propounded RFA7 to Defendant. (Doc. 90 at 12.) It asks Defendant to admit or deny whether "Defendant would be able to demonstrate how thigh contact, as described in [the disciplinary report,] is possible." (*Id.*) Defendant objected to RFA7 "as argumentative and irrelevant, asserting that Defendant's ability to demonstrate the contact is not a discoverable fact, only whether the contact was observed, and even that is not relevant to Plaintiff's retaliation claim." (*Id.*) In response, Plaintiff filed a motion to compel. (*Id.*)

Judge Metcalf granted the motion to compel, concluding that the information sought by RFA7 is relevant because "if physical contact was established to be impossible, a permissible inference is that Defendant knew it was impossible, and thus a belief that physical contact occurred could not have been the purpose of her disciplinary report." (*Id.* at 15-17.)

In her objection, Defendant repeats her earlier arguments and adds that RFA7 is particularly inappropriate because Plaintiff is a convicted sex offender who refused, during the September 17, 2018 deposition of Defendant, to allow Defendant to perform such a demonstration using empty chairs and seemed to want Defendant (who is female) to provide an actual demonstration of thigh contact. (Doc. 115 at 4-5.) In his response, Plaintiff argues that (1) if Defendant truly observed him touching the visitor, she should be able to demonstrate how such conduct is possible, (2) it is permissible under Rule 36 to use RFAs to elicit opinions, and (3) during her deposition on September 17, 2018, Defendant admitted she couldn't demonstrate the type of thigh contact alleged in the disciplinary report. (Doc. 130 at 3-5.)

The Court respectfully disagrees with Judge Metcalf's analysis concerning RFA7, finding it to be clearly erroneous, and will therefore grant Defendant's objection. *See* Fed. R. Civ. P. 72(a). A key issue in this case is whether Plaintiff was actually touching the

thigh of a visitor in the prison's visitation room. Defendant contends she observed such touching. Plaintiff contends Defendant is lying and that it would have been impossible for him to touch his visitor in light of how they were sitting. This is a classic factual dispute. The Court is unconvinced, however, that RFA7 would shed any light on this dispute. RFA7 asks Defendant to provide her opinion on whether she believes it would be possible to replicate (*i.e.,* "demonstrate") the touching incident. Her opinion on this topic is irrelevant—the incident is either subject to replication or it isn't. Indeed, to the extent Plaintiff feels it's impossible to replicate, he may attempt to establish that impossibility at trial. He isn't entitled, however, to require Defendant to offer her personal opinion on this abstract topic.

B. **The $100 Fine**

On August 6, 2018, Judge Metcalf issued an order authorizing Plaintiff to conduct a two-hour deposition of Defendant within Plaintiff's prison unit. (Doc. 63.) The order specified that the deposition had to be completed by September 21, 2018. (*Id.* at 11.) The order also provided that "within ten days of the filing of this Order [*i.e.,* by August 16, 2018], counsel for Defendant will initiate a telephonic conference with Plaintiff for purposes of establishing a time and date for the deposition." (*Id.*)

Defense counsel failed to initiate this conference call by August 16, 2018. Accordingly, on August 21, 2018, Plaintiff filed a motion for sanctions. (Doc. 73.) Notably, Plaintiff did not attempt to meet and confer with defense counsel before filing this motion. (Doc. 90 at 18.) On September 4, 2018, defense counsel filed a response explaining that he'd "inadvertently" missed the conference call due to a calendaring error and had subsequently conferred with Plaintiff and scheduled the deposition for September 17, 2018, in compliance with the Court's deadline. (Doc. 90 at 18, citing Doc. 80.)

In the September 19, 2018 order, Judge Metcalf denied Plaintiff's request for evidentiary and other sanctions arising from the missed conference call, concluding that "the failure to comply was negligent, and not willful," that "[n]o willfulness, bad faith or similar fault has been shown," and that Plaintiff hadn't suffered any prejudice or financial

harm from the delay. (Doc. 90 at 19-21.) Instead, Judge Metcalf chose to "impose a fine of $100.00 on Defendant, payable to the Clerk of the Court, for failing to comply with the Court's Order" and described the purpose of this fine as a "deterrent." (*Id.* at 21.)

In her objection, Defendant argues the $100 fine was inappropriate because (1) "the missed teleconference had no actual impact on any discovery issues or any deadlines," (2) Judge Metcalf failed to account for Plaintiff's "gamesmanship in pursuing sanctions rather than simply trying to schedule his deposition," which is evidenced by his failure to make any meet-and-confer efforts before filing a sanctions motion and the multiple other sanctions motions he's filed throughout this litigation, (3) Rule 37(a)(4) only authorizes the imposition of sanctions for failing to turn over discovery, not missing a phone call, and (4) there was no need for deterrence here. (Doc. 115 at 2-3.) In his response, Plaintiff argues (1) district courts have the inherent authority to issue fines based upon the violation of court orders, (2) a finding of willfulness is not required to justify a fine, and (3) a deterrent was needed because Defendant has also engaged in other discovery-related misconduct. (Doc. 130 at 2-3.)

Applying *de novo* review, the Court respectfully disagrees with Judge Metcalf's analysis and will therefore grant Defendant's objection and vacate the $100 fine. *See* Fed. R. Civ. P. 72(b).[2] As Judge Metcalf correctly found, the violation here was negligent, not willful or intentional. The violation also didn't result in any hardship—the deposition was scheduled and completed before the court-ordered deadline. Finally, given Defendant's track record of dutifully responding to the dozens and dozens of motions filed by Plaintiff in this case, the Court concludes that considerations of deterrence don't warrant the imposition of a monetary fine based upon a single missed phone call.

II.     The November 15, 2018 Order

As noted above, Judge Metcalf denied Plaintiff's motion for sanctions arising from the failure to preserve all of the video footage of the incident in the visitation room, concluding that (1) Defendant, who is being sued in her personal capacity, had no control

---

[2] The Court would reach the same result if reviewing the fine under Rule 72(a).

- 6 -

over her employer's decision whether to preserve all of the footage, and (2) the destruction occurred pursuant to the prison's normal 21-day retention policy at a time when the prison lacked objective knowledge of the probability of litigation. (Doc. 147.)

In his objection, Plaintiff argues (1) the prison was on notice of the probability of litigation because his informal grievance, submitted to the prison before the footage was destroyed, mentioned that the loss of footage would look bad "once this reaches a court of law," (2) it is permissible to hold Defendant responsible for spoliation committed by her employer, (3) the decision to destroy the footage was willful and made in bad faith, (4) the presence of a claim for punitive damages shouldn't alter the imputation analysis, (5) the destruction was prejudicial because the footage would have provided the best evidence of the key disputed issue in this case, and (6) even if terminating sanctions aren't imposed, he should at least receive an adverse-inference instruction. (Doc. 157.) In her response, Defendant argues (1) the most important and relevant video footage, which depicts Plaintiff and his visitor sitting together in the visitation room, has been secured and preserved, (2) Plaintiff's suggestion that the other video footage should have been preserved "is nonsensical" because "Plaintiff does not appear to dispute that there was no camera angle planted underneath his table that would somehow capture the actual rubbing of thighs together," and (3) it would be unfair, and offend notions of sovereign immunity, to hold her responsible for any improper destruction because she is a "low-ranking state employee" who has no control over her employer's document-retention choices and Plaintiff made a strategic choice to sue her individually in federal court instead of suing the DOC in state court. (Doc. 158.)

The Court agrees with the points raised in Defendant's response and will therefore deny Plaintiff's objection, as he hasn't demonstrated that Judge Metcalf's discovery ruling was clearly erroneous or contrary to law. *See* Fed. R. Civ. P. 72(a).

Dated this 14th day of March, 2019.

Dominic W. Lanza
United States District Judge